1  VICTORIA L. WEATHERFORD (SBN 267499)
       vweatherford@gibsondunn.com
2  GIBSON, DUNN & CRUTCHER LLP
   555 Mission Street, Suite 3000
3  San Francisco, CA 94105-0921
   Telephone: 415.393.8265
4  Facsimile:  415.229.3510

5  ERIC J. STOCK (appearance *pro hac vice*)
       estock@gibsondunn.com
6  GIBSON, DUNN & CRUTCHER LLP
   200 Park Avenue, 47th Floor
7  New York, NY  10166-0193
   Telephone:  212.351.4000
8  Facsimile:  212.351.4035

9  Attorneys for Defendant Assertio Therapeutics, Inc.

10              **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12  *IN RE GLUMETZA ANTITRUST LITIGATION* | CASE NO. 19-CV-05822-WHA

13                                          **DEFENDANT ASSERTIO THERAPEUTICS,
                                            INC.'S ANSWER**
14  This Document Relates to:

15  *Walgreen* (No. 3:19-cv-7843-WHA)

16

17         Defendant Assertio Therapeutics, Inc. ("Assertio") hereby answers the Amended Complaint

18  (the "Complaint"), ECF No. 202, filed by Plaintiffs Walgreen Co., The Kroger Co., Albertsons

19  Companies, Inc., and H-E-B, L.P. (collectively, "Plaintiffs") against Assertio and Defendants Bausch

20  Health Companies, Inc. ("Bausch"), Salix Pharmaceuticals, Ltd., Salix Pharmaceuticals, Inc.,

21  (collectively, "Salix"), Santarus, Inc., ("Santarus"), Lupin Pharmaceuticals, Inc., and Lupin Ltd.

22  (collectively, "Lupin," and with Bausch, Salix, Santarus, and Assertio, "Defendants").

23         Any allegation not explicitly admitted is denied. Assertio does not by noting or admitting that

24  the Complaint purports to characterize or quote particular documents admit the truth of any assertion

25  in the referenced document. Moreover, headings and footnotes contained within the Complaint are not

26  substantive allegations to which an answer is required. To the extent headings are substantive

27  allegations to which an answer is required, Assertio denies the allegations. To the extent footnotes in

28  the Complaint are deemed to be substantive allegations, then the response to the paragraph in which

Gibson, Dunn &
Crutcher LLP

DEFENDANT ASSERTIO THERAPEUTICS, INC.'S ANSWER – CASE NO. 19-CV-05822-WHA

the footnote is found is Assertio's response to the footnote as well. In answer to the Complaint, Assertio states as follows:

1.      Assertio admits that Plaintiffs purport to bring a civil antitrust action seeking damages and other relief on behalf of purchasers of Glumetza®.  Except as expressly admitted, Assertio denies the remaining allegations in Paragraph 1.

2.      Assertio admits that it participated in the development of Glumetza®, that the active ingredient in Glumetza® is metformin, and that it obtained patents relating to extended-release technology covering Glumetza®.  Except as expressly admitted, Assertio denies the remaining allegations in Paragraph 2.

3.      The allegations in the first, second, and third sentences of Paragraph 3 are too vague for Assertio to form a belief as to the truth of the allegation, and Assertio therefore denies them. Assertio denies the remaining allegations in Paragraph 3.

4.      Assertio admits that it sued Lupin for patent infringement, and denies any characterization of that lawsuit and the remaining allegations in Paragraph 4.

5.      Assertio admits that it reached settlement with Lupin (the terms of which speak for themselves), but denies any characterization of that settlement, and denies the remaining allegations in Paragraph 5.

6.      Assertio denies the allegations in Paragraph 6.

7.      Assertio denies the allegations in Paragraph 7.

8.      Assertio denies the allegations in Paragraph 8.

9.      Assertio denies the allegations in Paragraph 9.

10.     Assertio denies the allegations in Paragraph 10.

11.     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other parties, and otherwise denies the allegations in Paragraph 11.

12.     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them.

13.     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies them.

**14.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other parties, and otherwise denies the allegations in Paragraph 14.

**15.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other parties, and otherwise denies the allegations in Paragraph 15.

**16.**     Assertio admits that Plaintiffs purport to bring this action for damages and equitable relief, but denies that such claims have merit and denies the remaining allegations in Paragraph 16.

**17.**     Assertio admits that this action arises under the relevant sections of the Sherman and Clayton Acts, admits that this Court has subject matter jurisdiction, and denies the remaining allegations in Paragraph 17.

**18.**     Assertio admits that it has transacted business in this district, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning other parties. Plaintiffs' remaining allegations are legal conclusions to which no response is required.

**19.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

**20.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

**21.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

**22.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore denies them.

**23.**     Assertio admits the allegations concerning Assertio's location, corporate organization, and ownership of patents but otherwise denies the allegations in Paragraph 23.

**24.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to other parties.  Assertio admits that it entered into the commercialization agreement with Santarus, the terms of which speak for itself.  Assertio denies the remaining allegations in this paragraph.

**25.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to other parties, and otherwise denies the allegations.

Gibson, Dunn & Crutcher LLP

**26.** Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to other parties, and otherwise denies the allegations.

**27.** Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to other parties, and otherwise denies the allegations.

**28.** Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to other parties, and otherwise denies the allegations.

**29.** The allegations in Paragraph 29 do not require a response.

**30.** Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to other parties, and otherwise denies the allegations.

**31.** Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations with respect to other parties, and otherwise denies the allegations.

**32.** Assertio denies the allegations in Paragraph 32.

**33.** Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and therefore denies them.

**34.** Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore denies them.

**35.** Assertio denies the allegations in Paragraph 35.

**36.** Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies them.

**37.** Assertio admits the allegations in Paragraph 37.

**38.** Assertio admits the allegations in Paragraph 38.

**39.** Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore denies them.

**40.** The allegations in the third sentence of Paragraph 40 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them. Assertio admits the remaining allegations in Paragraph 40.

**41.** Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies them.

**42.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore denies them.

**43.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore denies them.

**44.**     The allegations in Paragraph 44 comprise legal conclusions which require no answer.

**45.**     Assertio denies the allegations in the first sentence of Paragraph 45, and admits the remaining allegations.

**46.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies them.

**47.**     Assertio denies the allegations in Paragraph 47.

**48.**     Assertio denies the allegations in Paragraph 48.

**49.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore denies them.

**50.**     Assertio notes that the allegations in Paragraph 50 purport to characterize certain federal regulations.  Those regulations speak for themselves.

**51.**     Assertio denies the allegations in Paragraph 51.

**52.**     Assertio denies the allegations in Paragraph 52.

**53.**     Assertio denies the allegations in Paragraph 53 except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 53, and therefore denies them.

**54.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies them.

**55.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and therefore denies them.

**56.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies them.

**57.**     Assertio denies the allegations in Paragraph 57.

**58.**     Assertio admits the allegations in the first sentence of Paragraph 58, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 58.

**59.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies them.

**60.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and therefore denies them.

**61.**     Assertio denies the allegations in the first sentence of paragraph 61, and otherwise states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61.

**62.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and therefore denies them.

**63.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and therefore denies them.

**64.**     Assertio admits that the active ingredient in Glumetza® is metformin hydrochloride. The remaining allegations in Paragraph 64 are too vague for Assertio to form a belief as to the truth of the allegations, and therefore denies them.

**65.**     Assertio admits that the Glumetza® NDA was approved by the FDA on June 3, 2005. The remaining allegations are too vague for Assertio to form a belief as to the truth of the allegations, and therefore denies them.

**66.**     The allegations in the first sentence of Paragraph 66 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them. Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 66, and therefore denies them.

**67.**     Assertio notes that Paragraph 67 purports to characterize the Glumetza® NDA. That documents speaks for itself. Assertio denies the remaining allegations in Paragraph 67.

**68.**     The allegations in Paragraph 68 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them.

**69.** Assertio admits the allegations in Paragraph 69.

**70.** Assertio admits the allegations in Paragraph 70.

**71.** Assertio admits the allegations in Paragraph 71.

**72.** Assertio admits the allegations in Paragraph 72.

**73.** Assertio admits the allegations in Paragraph 73.

**74.** The allegations in Paragraph 74 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them.

**75.** The allegations in the fourth sentence of Paragraph 75 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them. The remaining allegations in Paragraph 75 are legal conclusions or argument which require no answer.[1]

**76.** The allegations in the second sentence of Paragraph 76 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them.  The remaining allegations in Paragraph 75 are legal conclusions or argument which require no answer.

**77.** The allegations in Paragraph 77 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them.

**78.** The allegations in Paragraph 78 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them.

**79.** Assertio notes that the allegations in Paragraph 79 purport to characterize various U.S. patents.  Those patents speak for themselves.  The remaining allegations in Paragraph 79 are legal conclusions or argument which require no answer.

**80.** The allegations in Paragraph 80 are legal conclusions or argument which require no answer.

**81.** The allegations in Paragraph 81 are legal conclusions or argument which require no answer.

**82.** The allegations in Paragraph 82 are legal conclusions or argument which require no answer.

---

[1] To the extent that this Court finds that a response is required to any allegations for which Assertio has determined that no response is required, Assertio hereby denies those allegations.

DEFENDANT ASSERTIO THERAPEUTICS, INC.'S ANSWER – CASE NO. 19-CV-05822-WHA

Gibson, Dunn &
Crutcher LLP

**83.**     Assertio notes that the allegations in Paragraph 83 purport to characterize US Patent No. 4,954,350.   That patent speaks for itself.   The remaining allegations in Paragraph 83 are legal conclusions or argument which require no answer.

**84.**     The allegations of Paragraph 84 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them.

**85.**     The allegations in the first sentence of Paragraph 85 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them. Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 85, and therefore denies them.

**86.**     The allegations in Paragraph 86 are legal conclusions or argument which require no answer.

**87.**     Assertio notes that Paragraph 87 purports to characterize the '475 and '280 patents. Those patents speak for themselves.   The remaining allegations in Paragraph 87 are legal conclusions or argument which require no answer.

**88.**     Assertio notes that Paragraph 88 purports to characterize the '475 and '280 patents. Those patents speak for themselves.   The remaining allegations in Paragraph 88 are legal conclusions or argument which require no answer.

**89.**     Assertio admits that the '475 and '280 patents were listed in the Orange Book for the 500mg strength of Glumetza®.   The remaining allegations in Paragraph 89 are legal conclusions or argument which require no answer.

**90.**     The allegations in Paragraph 90 are legal conclusions or argument which require no answer.

**91.**     Assertio notes that the allegations in Paragraph 91 purport to characterize the '962 patent.   That patent speaks for itself.   The remaining allegations in Paragraph 91 are legal conclusions or argument which require no answer.

**92.**     Assertio notes that the allegations in Paragraph 92 purport to characterize the '340 patent.   That patent speaks for itself.   The remaining allegations in Paragraph 92 are legal conclusions or argument which require no answer.

Gibson, Dunn &
Crutcher LLP

**93.**     Assertio notes that the allegations in Paragraph 93 purport to characterize the '987 and '692 patents.  Those patents speak for themselves.  The remaining allegations in Paragraph 93 are legal conclusions or argument which require no answer.

**94.**     Assertio admits that the '987 and '692 patents were listed in the Orange Book for the 1000mg strength of Glumetza®.  The remaining allegations in Paragraph 94 are legal conclusions or argument which require no answer.

**95.**     Assertio admits that metformin is the active ingredient in Glumetza®.  The remaining allegations in Paragraph 95 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them.  Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 95, and therefore denies them.

**96.**     Assertio admits the allegations in Paragraph 96.

**97.**     The allegations in Paragraph 97 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them.

**98.**     Assertio admits that it brought a patent infringement lawsuit against Lupin on November 25, 2009.  The complaint in that case and the public record speak for themselves.

**99.**     Assertio denies the allegations in Paragraph 99.

**100.**     Assertio admits that Lupin filed an answer on January 29, 2010.  That document and the public record speak for themselves.  Except as expressly admitted, Assertio denies the remaining allegations in Paragraph 100.

**101.**     Assertio admits the allegations in Paragraph 101.

**102.**     Assertio notes that the allegations in Paragraph 102 purport to characterize interrogatory responses received from Lupin.  Those responses speak for themselves.  Assertio denies the remaining allegations in Paragraph 102.

**103.**     Assertio denies the allegations in Paragraph 103.

**104.**     Assertio denies the allegations in Paragraph 104.

**105.**     Assertio admits that Lupin's ANDA received tentative approval on January 27, 2012. Assertio denies the remaining allegations in Paragraph 105.

106.     The allegations in the first sentence of Paragraph 106 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them.  Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 106, and therefore denies them.

107.     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and therefore denies them.

108.     Assertio denies the allegations in Paragraph 108.

109.     Assertio denies the allegations in Paragraph 109.

110.     Assertio denies the allegations in Paragraph 110.

111.     Assertio admits that it reached settlement with Lupin, the terms of which speak for themselves.  Assertio denies the remaining allegations in Paragraph 111.

112.     Assertio admits that it reached settlement with Lupin, the terms of which speak for themselves.  Assertio denies the remaining allegations in Paragraph 112.

113.     Assertio admits that it reached settlement with Lupin, the terms of which speak for themselves.  Assertio denies the remaining allegations in Paragraph 113.

114.     Assertio denies the allegations in Paragraph 114.

115.     Assertio notes that the allegations in the fourth sentence of Paragraph 115 purport to characterize the commercialization agreement between Assertio and Santarus.  That agreement speaks for itself.  Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 115, and therefore denies them.  Assertio denies the remaining allegations in Paragraph 115.

116.     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and therefore denies them.

117.     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore denies them.

118.     Assertio denies the allegations in Paragraph 118.

119.     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and therefore denies them.

**120.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore denies them.

**121.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and therefore denies them.

**122.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and therefore denies them.

**123.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and therefore denies them.

**124.**     Assertio notes that the allegations in the second sentence of Paragraph 124 purport to characterize the commercialization agreement between Assertio and Santarus.  That agreement speaks for itself.  The allegations in the third and fourth sentences are too vague for Assertio to form a belief as to the truth of the allegations, and therefore denies them.  Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations the first and fifth sentences of Paragraph 124, and therefore denies them.  Assertio denies the remaining allegations in Paragraph 124.

**125.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and therefore denies them.

**126.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and therefore denies them.

**127.**     Assertio denies the allegations in the third sentence of Paragraph 127.  Assertio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127, and therefore denies them.

**128.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and therefore denies them.

**129.**     Assertio denies the allegations in Paragraph 129.

**130.**     Assertio denies the allegations in Paragraph 130.

**131.**     Assertio denies the allegations in Paragraph 131.

**132.**     Assertio denies the allegations in Paragraph 132.

Gibson, Dunn &
Crutcher LLP

**133.**     Assertio denies the allegations in Paragraph 133.

**134.**     Assertio denies the allegations in Paragraph 134.

**135.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135.  To the extent it is able to answer, Assertio admits that that Hatch-Waxman Amendments allow first-filers to obtain 180-day periods of market exclusivity under certain circumstances. Assertio denies the remaining allegations in Paragraph 135.

**136.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136.  To the extent it is able to answer, Assertio admits that ANDA exclusivity can be forfeited if the holder fails to enter the market within a prescribed time period. Assertio denies the remaining allegations in Paragraph 136.

**137.**     Assertio denies the allegations in the second and third sentences of Paragraph 137, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 137, and therefore denies them.

**138.**     Assertio admits that the litigation with Sun Pharmaceutical was ongoing at the time of Assertio's settlement with Lupin, but denies any characterization of that litigation and denies the remaining allegations of Paragraph 138.

**139.**     Assertio notes that the allegations in Paragraph 139 purport to characterize the settlement agreement between Lupin, Santarus, and Assertio.  That document speaks for itself. Assertio denies the remaining allegations in Paragraph 139.

**140.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, and therefore denies them.

**141.**     Assertio denies the allegations in the third sentence of Paragraph 141, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 141, and therefore denies them.

**142.**     Assertio denies the allegations in Paragraph 142.

**143.**     Assertio denies the allegations in Paragraph 143.

DEFENDANT ASSERTIO THERAPEUTICS, INC.'S ANSWER – CASE NO. 19-CV-05822-WHA

Gibson, Dunn & Crutcher LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**144.**    Assertio notes that the allegations in Paragraph 144 purport to characterize the Sun ANDA.  That document speaks for itself.  Assertio admits the remaining allegations in Paragraph 144.

**145.**    Assertio notes that the allegations in Paragraph 145 purport to characterize correspondence between Sun and Assertio regarding the Sun ANDA.  That correspondence speaks for itself.  Assertio denies the remaining allegations in paragraph 145.

**146.**    Assertio notes that the third sentence of Paragraph 146 purports to characterize the effect of certain regulations, to which no response is required.  Assertio otherwise admits the allegations in Paragraph 146.

**147.**    Assertio notes that the allegations in Paragraph 147 purport to characterize the '667 patent.  That patent speaks for itself.  Assertio admits that it asserted the '667 patent against Sun in the referenced litigation, but denies any characterization of that patent.   Assertio denies the remaining allegations in Paragraph 147.

**148.**    Assertio notes that the allegations in Paragraph 148 seek to characterize certain litigation documents filed by Sun.  Those documents and the public record speak for themselves.

**149.**    Assertio admits that it reached settlement with Sun on January 25, 2013, but denies any characterization of that settlement in the first sentence of Paragraph 149.  Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 149, and therefore denies them.

**150.**    Assertio denies the allegations in Paragraph 150.

**151.**    Assertio notes that the allegations in Paragraph 151 purport to characterize the Watson ANDA.  That document speaks for itself.  Assertio admits the remaining allegations in Paragraph 151.

**152.**    Assertio notes that the allegations in Paragraph 152 purport to characterize correspondence between Watson and Assertio regarding the Watson ANDA.  That correspondence speaks for itself.  Assertio admits the remaining allegations in Paragraph 152.

153.    Assertio notes that the second sentence of Paragraph 153 purports to describe the effect of certain regulations, to which no response is required.  Assertio admits the remaining allegations in Paragraph 153.

154.    Assertio admits the allegations in Paragraph 154.

155.    Assertio notes that the allegations in Paragraph 155 purport to characterize the '215 and '667 patents.  Those patents speak for themselves.  Assertio denies the remaining allegations in Paragraph 155.

156.    Assertio notes that the third sentence of Paragraph 156 purports to describe the effect of certain regulations, to which no response is required.  Assertio admits the remaining allegations in Paragraph 156.

157.    Assertio admits that it reached settlement with Watson on November 8, 2013, but denies any characterization of that settlement in the first sentence of Paragraph 157.  Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 157, and therefore denies them.

158.    Assertio denies the allegations in Paragraph 158.

159.    Assertio denies the allegations in Paragraph 159.

160.    Assertio denies the allegations in Paragraph 160.

161.    The allegations in the first sentence of Paragraph 161 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them.  Assertio denies the remaining allegations in Paragraph 161.

162.    Assertio denies the allegations in Paragraph 162.

163.    Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163, and therefore denies them.

164.    Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164, and therefore denies them.

165.    Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165, and therefore denies them.

1

2

**166.**   Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166, and therefore denies them.

3

4

**167.**   Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167, and therefore denies them.

5

6

**168.**   Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168, and therefore denies them.

7

8

**169.**   Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169, and therefore denies them.

9

10

**170.**   Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170, and therefore denies them.

11

12

**171.**   Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171, and therefore denies them.

13

**172.**   Assertio denies the allegations in Paragraph 172.

14

15

**173.**   Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173, and therefore denies them.

16

17

**174.**   Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174, and therefore denies them.

18

19

**175.**   Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175, and therefore denies them.

20

21

22

23

**176.**   Assertio admits that Lupin began marketing a generic Glumetza® in February 2016, but denies any characterization of that market entrance.  Assertio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 176, and therefore denies them.

24

25

26

27

**177.**   The allegations in the first sentence of Paragraph 177 are too vague for Assertio to form a belief as to the truth of the allegations, and therefore denies them.  The allegations in the second sentence of Paragraph 177 contains legal conclusions which require no answer.  Assertio denies the remaining allegations in Paragraph 177.

28

**178.**    The allegations in the fifth sentence of Paragraph 178 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them.  Assertio denies the remaining allegations in Paragraph 178.

**179.**    Assertio denies the allegations in Paragraph 179.

**180.**    Assertio denies the allegations in Paragraph 180.

**181.**    Assertio admits that Lupin began marketing a generic Glumetza® in 2016, but denies any characterization of that entry.  Assertio denies the remaining allegations in Paragraph 181.

**182.**    Assertio denies the allegations in Paragraph 182.

**183.**    Assertio admits the allegations in the first, second, an third sentences of Paragraph 183. Assertio denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 183.

**184.**    Assertio denies the allegations in Paragraph 184.

**185.**    Assertio admits that the drugs at issue are sold in interstate commerce.  Except as expressly admitted, Assertio denies the remaining allegations in Paragraph 185.

**186.**    Assertio denies the allegations in Paragraph 186.

**187.**    The allegations in the second sentence of Paragraph 187 are too vague for Assertio to form a belief as to the truth of the allegations.  To the extent Assertio is able to answer, Assertio admits that Santarus had the sole right to market an authorized generic version of Glumetza® within the United States during the relevant time period.  Assertio denies the remaining allegations in Paragraph 187.

**188.**    Assertio admits that Valeant began marketing an authorized generic version of Glumetza® in February 2017, but denies any allegations concerning that launch.  Assertio lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 188, and therefore denies them.

**189.**    Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 189, and therefore denies them.  Assertio denies the remaining allegations in Paragraph 189.

**190.**    Assertio denies the allegations in Paragraph 190.

Gibson, Dunn & Crutcher LLP

DEFENDANT ASSERTIO THERAPEUTICS, INC.'S ANSWER – CASE NO. 19-CV-05822-WHA

**191.**    The allegations in the first sentence of Paragraph 191 contain legal conclusions that require no answer.  Assertio denies the remaining allegations in Paragraph 191.

**192.**    Assertio denies the allegations in Paragraph 192.

**193.**    Assertio denies the allegations in Paragraph 193.

**194.**    Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 194, and therefore denies them.  Assertio denies the remaining allegations in Paragraph 194.

**195.**    The allegations in Paragraph 195 contain legal conclusions that require no answer.

**196.**    Assertio denies the allegations in Paragraph 196.

**197.**    Assertio denies the allegations in Paragraph 197.

**198.**    Assertio denies the allegations in Paragraph 198.

**199.**    Assertio denies the allegations in Paragraph 199.

**200.**    The allegations of Paragraph 200 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them.

**201.**    The allegations of Paragraph 201 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them.

**202.**    The allegations in Paragraph 202 are too vague for Assertio to form a belief as to the truth of the allegations, and Assertio therefore denies them.

**203.**    The allegations in the first sentence of Paragraph 203 are too vague for Assertio to form a belief as to the truth of the allegations, and therefore denies them. Assertio notes that the allegations second, third and fourth sentences in Paragraph 203 purport to characterize aspects of Glumetza®.  The public record speaks for itself.

**204.**    Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 204, and therefore denies them.  The allegations in the second, third, fourth, and fifth sentences of Paragraph 204 are too vague for Assertio to form a belief as to the truth of the allegations, and therefore denies them.

**205.**    Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205, and therefore denies them.

**206.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206, and therefore denies them.

**207.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207, and therefore denies them.

**208.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208, and therefore denies them.

**209.**     The allegations in Paragraph 209 contain legal conclusions that require no answer.

**210.**     Assertio denies the allegations in Paragraph 210.

**211.**     The allegations in Paragraph 211 contain legal conclusions that require no answer.

**212.**     Assertio denies the allegations in Paragraph 212.

**213.**     Assertio admits that Plaintiffs purport to be assignees of direct purchasers of Glumetza®, but denies that any alleged assignment permits Plaintiff's suits.   Additionally, the allegations in the second, third, and fourth sentences of Paragraph 213 contain legal conclusions that require no answer. Except as expressly admitted, Assertio denies the remaining allegations in Paragraph 213.

**214.**     The allegations in Paragraph 214 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 214.

**215.**     The allegations in Paragraph 215 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 215.

**216.**     The allegations in Paragraph 216 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 216.

**217.**     Assertio denies the allegations in Paragraph 217.

**218.**     The allegations in Paragraph 218 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 218.

**219.**     The allegations in Paragraph 219 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 219.

**220.**     The allegations in Paragraph 220 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 220.

**221.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 221, and therefore denies them.  Assertio denies the remaining allegations in Paragraph 221.

**222.**     Assertio denies the allegations in Paragraph 222.

**223.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 223, and therefore denies them.  Assertio denies the remaining allegations in Paragraph 223.

**224.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224, and therefore denies them.

**225.**     Assertio lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225, and therefore denies them.

**226.**     Assertio denies the allegations in Paragraph 226.

**227.**     Assertio denies the allegations in Paragraph 227.

**228.**     Assertio restates its answer and/or response to every allegation set forth above as if stated herein.

**229.**     The allegations in Paragraph 229 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 229.

**230.**     The allegations in Paragraph 230 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 230.

**231.**     The allegations in Paragraph 231 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in this Paragraph 231.

**232.**     The allegations in Paragraph 232 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 232.

**233.**     The allegations in Paragraph 233 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in this Paragraph 233.

**234.**     Assertio restates its answer and/or response to every allegation set forth above as if stated herein.

Gibson, Dunn & Crutcher LLP

235.     The allegations in Paragraph 235 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 235.

236.     The allegations in Paragraph 236 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 236.

237.     Assertio denies the allegations in Paragraph 237.

238.     The allegations in Paragraph 238 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 238.

239.     Assertio denies the allegations in Paragraph 239.

240.     The allegations in Paragraph 240 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 240.

241.     The allegations in Paragraph 241 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 241.

242.     The allegations in Paragraph 242 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 242.

243.     The allegations in Paragraph 243 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 243.

244.     Assertio restates its answer and/or response to every allegation set forth above as if stated herein.

245.     The allegations in Paragraph 245 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 245.

246.     The allegations in Paragraph 246 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 246.

247.     Assertio denies the allegations in Paragraph 247.

248.     The allegations in Paragraph 248 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 248.

249.     Assertio denies the allegations in Paragraph 249.

250.     The allegations in Paragraph 250 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 250.

251.    The allegations in Paragraph 251 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 251.

252.    Assertio denies the allegations in Paragraph 252.

253.    The allegations in Paragraph 253 contain legal conclusions that require no answer. Assertio otherwise denies the allegations in Paragraph 253.

**Answer to Demand for Judgment:** Assertio denies that Plaintiffs are entitled to any relief, legal or equitable, from Assertio or this Court, as requested in the Complaint or otherwise.

**Answer to Plaintiff's Jury Demand:** Assertio admits that Plaintiffs purport to demand a jury trial.

## ASSERTIO'S AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear, Assertio asserts the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitute an admission that Assertio is in any way liable to Plaintiffs, that Plaintiffs, have been or will be injured or damages, in any way, or that Plaintiffs are entitled to any relief whatsoever.  As a defense to the Complaint and each and every allegation contained therein, Assertio alleges:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs lack antitrust or Article III standing to assert a claim against Assertio.

### SECOND AFFIRMATIVE DEFENSE

To the extent that Plaintiffs are in fact indirect purchasers, they lack standing to bring claims under the Sherman Act and *Illinois Brick v. Illinois*, 431 U.S. 720 (1977).

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that their purchase agreements with any defendant require that their claims be subject to arbitration and thus cannot proceed in federal court.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are invalid, in whole or in part, to the extent that the assignments of claims by which they asserts their claims are void or otherwise prohibited by anti-assignment provisions in the relevant agreement(s) between any defendant and the relevant assignors.

**FIFTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against Assertio upon which relief can be granted. Included in, but not limiting such challenge, Assertio reasserts all grounds set forth in its previously filed motions to dismiss any of the complaints consolidated into this matter as if fully reasserted here.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs did not suffer injury or damages by reason of any act or omission by Assertio.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because they have not sustained any cognizable injury or antitrust injury caused by any action of Assertio or any other Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any payment deemed in excess of fair value from Assertio/Santarus to Lupin would not qualify as "large and unjustified" within the Supreme Court's decision in *FTC v. Actavis*, 570 U.S. 136 (2013).

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail, in whole or in part, because Assertio's conduct is protected by the Noerr-Pennington doctrine, the First Amendment to the United States Constitution, and the Fourteenth Amendment to the United States Constitution.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because any conduct by or on behalf of Assertio alleged in the Complaint was taken independently in good faith and was legally or equitably protected by applicable privileges, and/or was undertaken in pursuit of legitimate business interests.

**TWELFTH AFFIRMATIVE DEFENSE**

Any conduct engaged in by Assertio was not anticompetitive and cannot support a claim sounding in antitrust. Indeed, at all times Assertio's actions and practices that are the subject of the Complaint were lawful, procompetitive, justified under the rule of reason, and caused no injury to competition.

1

### THIRTEENTH AFFIRMATIVE DEFENSE

Insofar as Plaintiffs allege that Defendants violated the antitrust rule of reason, such claims are barred, among other reasons, because the Complaint does not allege a properly defined relevant market, because any restraints complained of are ancillary to legitimate, procompetitive activities, and because the Complaint does not allege how procompetitive effects of Defendants' legitimate activities are outweighed by anticompetitive effects.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because consumers enjoyed the procompetitive benefits of Assertio/Santarus's settlement agreement with Lupin, which, inter alia, allowed generic entry prior to patent expiration.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail due to lack of causation. The patent settlement between Assertio/Santarus and Lupin did not cause any delay in the launch of generic Glumetza® because Assertio's patents served as an independent legal bar to an earlier launch. Plaintiffs therefore cannot demonstrate that the harm they allegedly suffered was caused by Assertio.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any injuries Plaintiffs claim to have suffered were not proximately or materially caused by Assertio's alleged conduct.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any injuries, losses, or damages suffered by Plaintiffs were proximately caused by their own actions, regardless of whether contributory, negligent, incompetent, careless, or reckless.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries, losses, or damages (if any) that were not proximately caused by their own actions resulted from the acts or omissions of third parties over whom Assertio had no control. The acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Assertio's actions were legal under the applicable law, including the law of the Ninth Circuit, at the time they were taken.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered, and will not suffer, injury of the type the antitrust laws are designed to prevent, or any other injury to a legally cognizable interest by reason of the conduct alleged in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot carry their burden to define a proper relevant market or prove that Assertio had monopoly power in such market.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the purchasing power of third party payors negates the impact of any alleged conduct of Defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Assertio's alleged acts or omissions did not harm competition in any properly defined market.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Assertio/Santarus's settlement agreement with Lupin was for fair value.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Lupin's licensed entry date for generic Glumetza® was justified in light of the risks in the underlying litigation, and was authorized by the Patent Act and the United States Constitution.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, or their damages (if any) should be reduced by any amounts paid to Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims against them in this matter.

Gibson, Dunn & Crutcher LLP

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not absorbed by Plaintiffs.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the pass-on defense. To the extent there is a finding of an illegal overcharge, Plaintiffs' claims are barred to the extent Plaintiffs passed on the effect of such an overcharge to a third party.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims fail because the Assertio patents at issue were correctly listed in the Orange Book, Assertio/Santarus's infringement action against Lupin was objectively reasonable, and/or because Assertio was likely to succeed in that patent action against Lupin.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Assertio lacked the necessary knowledge and/or intent required by the claims Plaintiffs assert.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are preempted or otherwise barred by the Federal Food, Drug, and Cosmetic Act; the Hatch-Waxman Act; the Patent Act; the Drug Price Competition and Patent Term Restoration Act of 1984 and related amendments; and/or any other federal law, regulation, or doctrine of preemption.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Any damages that Plaintiffs allege to have suffered are too remote, speculative, and/or uncertain to allow for a recovery. Such damages are not capable of ascertainment and allocation.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate its damages, if any, and recovery should be reduced or denied accordingly.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs seek damages that would constitute a duplicative recovery and are therefore barred.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they seek to impose improper treble damage awards, damage awards duplicative of those sought in parallel actions, or damage awards to more than one claimant for the same alleged overcharge, in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments. *See BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs would be unjustly enriched if allowed to recover any relief claimed to be due.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the *Trinko* doctrine and its progeny because any harm to competition complained of stems from the intricate, multi-tiered regulatory regime, which governs the production, sale, and manufacture of pharmaceutical products, including the FDCA, the Drug Price Competition and Patent Term Restoration Act of 1984, and related amendments and FDA regulations.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any claimed injury or damage has been offset by benefits Plaintiffs received with respect to the challenged conduct.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have failed to allege fraudulent concealment with particularity.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and/or unclean hands.

Gibson, Dunn & Crutcher LLP

DEFENDANT ASSERTIO THERAPEUTICS, INC.'S ANSWER – CASE NO. 19-CV-05822-WHA

1

## FORTY-SECOND AFFIRMATIVE DEFENSE

2   Assertio adopts by reference any additional, applicable defense pleaded by other Defendants in
3   this matter.

4

## RESERVATION OF RIGHTS

5   Assertio reserves the right to assert and rely on other applicable defenses as may become
6   available or apparent, and to amend its answer and/or defenses.

7

## PRAYER FOR RELIEF

8   Wherefore, Assertio prays as follows:

9   1. That Plaintiffs take nothing by the Complaint;

10   2. That the Complaint be dismissed with prejudice;

11   3. That the Court enter judgment in favor of Assertio and against Plaintiffs, with respect to all
12   causes of action in the Complaint;

13   4. That the Court award Assertio its attorneys' fees and other costs reasonably incurred in the
14   defense of this action; and

15   5. For such other and further relief as the Court may deem just and proper.

16

## JURY DEMAND

17   Assertio demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure,
18   of all issues so triable.

19

20   Dated: April 2, 2020
21

22

23   Respectfully submitted,

24

25   By:  */s/ Victoria L. Weatherford*
     VICTORIA L. WEATHERFORD (SBN 267499)
26   vweatherford@gibsondunn.com
     GIBSON, DUNN & CRUTCHER LLP
27   555 Mission Street, Suite 3000
     San Francisco, CA 94105-0921
28   Telephone: 415.393.8265
     Facsimile:  415.229.3510

ERIC J. STOCK (appearance *pro hac vice*)
estock@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:   212.351.4035

*Attorneys for Defendant Assertio Therapeutics, Inc.*

Gibson, Dunn & Crutcher LLP

DEFENDANT ASSERTIO THERAPEUTICS, INC.'S ANSWER – CASE NO. 19-CV-05822-WHA